## HANNAH J. HOPPER

*v.*

## ABRAHAM OLDIS, co-executor &c.

A testator, in January, 1882, when he was eighty-eight years old, gave complainant and defendant a joint power of attorney to transact all his business and to expend such moneys as they should see fit in his support. He had lived for many years with complainant, who was his daughter. In the winter of 1882 complainant and defendant made an agreement that the former should charge $30 a month for keeping testator, and that she would charge nothing more.—*Held*, that this agreement did not estop her from recovering from the estate the wages afterwards paid to a servant for taking care of testator, whose increased infirmities rendered such services necessary.

Bill for relief. On final hearing upon pleadings and proofs.

*Mr. Milton Demarest,* for complainant.

*Mr. S. R. Demarest, Jr.,* for defendant.

THE CHANCELLOR.

The complainant and defendant are the executors of the will of William Terhune, deceased, late of the county of Bergen, who was the father of the one and the father-in-law of the other. The complainant, with whom the testator lived for many of the latter years of his life, and up to his death, claims that there is due to her for his board and for her care and attention to him, and expenses paid by her therein, and for money expended by her for him for clothing &c., a considerable sum of money. The claim was disputed by her co-executor, and she was required to bring suit therefor. The period covered by her claim is from February, 1883, to the time of the testator's death, December 17th, 1885, but the only charge prior to May 1st, 1883, is one of $20, for the board of a servant for the testator, for the months of February and March in that year. On the 30th of January, 1882, the testator gave a letter of attorney to the complainant

Hopper v. Oldis.

and defendant jointly, by which they were empowered to collect all debts due him and to transact all his business, and were directed to expend the money they might collect as they might deem proper and necessary for his support.

It appears by the testimony of both parties that a settlement was made between them of her claim against the testator for board &c., up to May 1st, 1883. The testator boarded with her for more than thirty years. At first he paid at the rate of $2.50 a week. When the power of attorney was given he was paying her $6 a week. In the winter of 1882 the price was, by an agreement between her and the defendant, increased to $30 a month, for which compensation she then agreed to keep him, and agreed that she would charge nothing more. She says that in January, 1883, she told the defendant that she could not take care of the testator alone, but must have help, and she says that the defendant told her to get help and charge for it. She further says that she did get help after that, but charged (up to May, 1883), only for the board of the servant, and not for the wages. At the settlement, in May, 1883, she made the before-mentioned claim of $20, for the board of a servant for February and March of that year. It was not allowed. She says the reason for the disallowance was that the defendant said there was no more money then with which to pay it, and told her to leave it until another time. He denies this, and says he told her he would speak to the heirs about it—whether it should be allowed or not; and he says that he spoke to some of them about it and they were unwilling to allow it, and he so informed the complainant. The testator was ninety-one years old when he died, and from the evidence it seems reasonable that the complainant should be allowed for the board of the servant for him for February and March, 1883, and for the board and wages of a servant for him (when one was kept), after that time, up to the time of his death.

The defendant urges that the complainant agreed with him, as before stated, that she would keep the testator for $30 a month, and he insists that she ought not to be allowed anything more. But in fairness the agreement must be construed as fixing the price for the time being only, and under the circumstances

as they then existed; and when, by reason of the change in the condition of the testator, the care of him became more burdensome, it was but just that she should have the necessary assistance. It appears that $10 a month was a proper charge for the board of the servant whom she employed in February and March, 1883. She has charged $20 for the board and wages ($10 for the board and the same amount for the wages) of a servant for the testator, for every month from the 1st of November, 1883. But it appears by her own testimony that she had no servant from April, 1883, to April, 1884, and that she had none during April, 1885. Of course she ought not to be allowed for board or wages of a servant during the time when she kept none. The wages that she paid from May, 1885 to November in that year were $9 a month, and for the rest of the year she paid $10. She ought to be allowed no more than she paid. The servants, while they were hired to take charge of the testator, in fact did the work of the complainant's house and family, so that to a very considerable extent she had the benefit of their labor. She charges and claims $30 a month for her own services in taking care of the testator from the 1st of May, 1884, to the time of his death. But this claim should be wholly disallowed. She not only had the assistance of servants employed for the testator and to attend upon him whenever such aid was necessary, but, as before stated, she had the benefit of their labor in her household affairs, and that may fairly be regarded as compensating her for any extraordinary care bestowed by her upon the testator while he required the attention of a servant. The charges for the board and wages of the servant after the death of the testator should be disallowed.

The defendant insists that he paid to the complainant, in December, 1883, $30 on account of the testator's board, for which she has given him no credit. She denies that she received that money, and there is no evidence, except the defendant's own statement, to the contrary. His book, which he produces as corroborative of his statement, does not show a payment of $30 made at the time he mentions. The payment cannot be allowed. The complainant is entitled to a decree for the amount which

will be found to be due her upon an account taken in accordance with the directions above given.    It may be added that she is to be allowed $30 a month for the board of the testator and also the other items of expenditure for him, not above considered, contained in her account annexed to the bill.    These charges are not questioned.    She is entitled to interest and costs.